OPINION
On November 15, 2000, Anna Dudley, a sixty-one year old partially disabled woman, was awakened in her apartment at approximately 7:00 A.M. by a knock at her door. She recognized the knock as that of Lisa Dixon, an individual who had been staying with Anna's sister just a few apartments down and who had visited frequently. When Anna opened the door, a person came quickly inside and shut the door. The person had on a nylon mask, a ball cap and a blue coat and was brandishing a gun. The person demanded Anna's money, but Anna responded that she did not have any money. Anna recognized the height, build and voice of this person to be the same individual who generally knocked on her door with that distinctive knock, Lisa Dixon.
Dixon repeatedly demanded money from Anna, who repeatedly told her she had none. At some point during the encounter, Dixon pointed the gun at Anna and told her she would kill her. There was a struggle for the gun, and Anna was able to raise the stocking up to Dixon's nose. Again, Anna recognized the mouth and nose to be Lisa Dixon's. During this struggle, Dixon hit Anna on the head with the gun three separate times, causing injuries with extensive bleeding. Eventually, Anna fell to the floor and could not stand back up. Dixon then fled the apartment.
Ernestine Satterfield, Anna's sister, testified that she had awoken at approximately 7:45 A.M. on November 15 to the sound of Dixon leaving the apartment. Ernestine stated that Dixon was wearing a ball cap and a black leather coat. Dixon told her she was going to the store. Five to ten minutes later, Dixon returned, stating that the store was not yet open. Dixon left again soon thereafter.
Officer Smolek testified that he had been dispatched to Anna's apartment at approximately 8:00 A.M. He found Anna in the apartment with her head bleeding profusely. When asked who did this to her, Anna responded "Lisa Dixon."
Dixon testified that she had left the apartment where she resided with Ernestine on the morning of November 15 and had gone to the store. She returned shortly thereafter because the store was closed. Dixon then had gone to Anna's apartment to borrow money. In response, Anna told Dixon that she would not loan her any because Dixon already owed her money. Dixon cursed and turned to leave, and Anna placed her hands on Dixon, asking, "What did you say?" Dixon turned and pushed Anna to make her let go, and Anna fell and hit the table. Dixon testified that she stayed at the apartment about five more minutes but never saw any blood.
On November 17, 2000, Dixon was charged by complaint with aggravated robbery and felonious assault. Following a jury trial, Dixon was convicted of both offenses as well as the firearm specifications. She was sentenced on March 7, 2001 to five years for each count to run concurrently and three years on each firearm specification to run concurrently to each other, but consecutive to the five-year terms, for a total of eight years in prison.
Dixon has appealed from this judgment, and an attorney was appointed to represent her. On October 15, 2001, appointed appellate counsel filed a brief pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, wherein counsel represented that he could find no meritorious issues for review. Counsel also raised no potential assignments of error. We issued a decision and entry giving Dixon the opportunity to file a pro se brief within sixty days, but she failed to do.
After careful review of the entire record, including the trial and sentencing transcripts, we also find no meritorious issues for review.
Judgment affirmed.
WOLFF, P.J., and FAIN, J., concur.